IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION
_____:20-CV_____

JUSTIN J. WHITE,

      Plaintiff,

v.

N C SPECIAL POLICE, LLC,

      Defendant.

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff, Justin J. White ("Mr. White"), by and through his undersigned attorney, for his complaint against the Defendant, NC Special Police, LLC ("NCSP), and states as follows:

### INTRODUCTION, PARTIES & JURISDICTION:

1. This is an action seeking damages against Defendant for retaliation and related conduct pursuant to Title VII of the Civil Rights Act of 1964, as amended, and state law claims under North Carolina general statues and/or common law.

2. Plaintiff, Justin J. White, is a citizen and resident of Charlotte, North Carolina.

3. Defendant NC Special Police, LLC, is a registered and licensed private enterprise with the capacity to sue and be sued due to a lack of affirmative defenses. It is a limited liability corporation under the laws of the State of North Carolina.

4. Defendant NCSP is an employer engaged in an industry affecting commerce as defined by § 701(b) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e(b).

5. The court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 as there are questions of Federal Law.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 (b) and (c) as Defendant is subject to the personal jurisdiction of this Court and because many of the acts giving rise to this action occurred in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff adopts and reasserts the allegations contained in paragraphs 1-6 as if fully set forth herein.

8. Plaintiff timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). On or about August 14, 2020, the EEOC issued Plaintiff a Notice of Right to Sue, which Plaintiff received on August 21, 2020.

9. Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## FACTUAL ALLEGATIONS:

10. Plaintiff adopts and reasserts the allegations contained in the above paragraphs as if fully set forth herein.

11. On or about August 10, 2018, Plaintiff filed a charge of discrimination and retaliation (File Number 433-2018-03289) with the EEOC` against his former employer, Vance County, which is protected activity.

12. On or about July 29, 2019, the EEOC issued Plaintiff a Notice of Right to Sue in relation to the charges filed against Vance County.

13. On or about October 23, 2019, Plaintiff filed a lawsuit against Vance County.

1

14. Plaintiff applied for a position as a company police officer with NCSP, and on August 21, 2019, was extended a verbal 2-year conditional offer of probationary employment by Elizabeth Broyles ("Broyles") on behalf of NCSP.

15. Shortly after being extended a verbal 2-year conditional offer of employment by Broyles, Plaintiff was sent a 1-year Offer of Employment for the position of company police officer by Broyles on behalf of NCSP.

16. In connection with his offer of probationary employment, and in order to obtain certification as a sworn law enforcement officer of the State of North Carolina, Plaintiff was required to apply for and receive certification and commission from the North Carolina Criminal Justice Education and Training Standards Commission – Criminal Justice Standards Division ("Training and Standards Commission"), which he was actively pursuing at the time of termination.

17. Additionally, and in connection with obtaining Plaintiff's certification from the Training & Standards Commission, a Form F-8 Background Investigation Appraisal or Interview prepared by Broyles.

18. The background investigation gave highly favorable comments regarding Plaintiff's appearance, manner, professional bearing, social adaptability, alertness, and judgment.

19. Broyles, in the preparation of the background investigation, was required to evaluate Plaintiff's appearance, manner, bearing, social adaptability, alertness, and judgment, personal qualifications, and other qualifications necessary to perform the job as a company police officer.

20. Based upon her evaluation of these attributes and characteristics, Broyles recommended Plaintiff for appointment and certification by the Training & Standards Commission and

2

noted that Plaintiff was qualified to be a law enforcement officer based upon his professionalism, temperament, judgment, adaptability, education, and passion for law enforcement work.

21. On or about November 5, 2019, Randy Munn ("Munn") of the North Carolina Criminal Justice Standards Commission contacted NCSP requesting a notarized statement explaining a use of force incident that Plaintiff was involved in with his former employer, Vance County Sheriff's Office ("VCSO") as well as a written review from NCSP about the Vance County internal investigation resulting in Plaintiff's termination from VCSO.

22. On or about December 6, 2019, Plaintiff successfully completed the North Carolina Company Police examination.

23. On or about January 2, 2020, Munn contacted Plaintiff and informed him that, although they intended to certify him, NCSP asked them not to certify Plaintiff because they wanted to review the internal investigation from VCSO.

24. On or about February 6, 2020, Plaintiff received an email from Monahan with a letter from Henley rescinding Plaintiff's probationary employment.

25. On or about February 26, 2020, Plaintiff spoke with Monahan on the telephone and was informed by Monahan that NCSP decided to rescind Plaintiff's probationary employment because the Training and Standards Commission would not certify Plaintiff as a company police officer due to his pending lawsuit against VCSO. Monhan further stated that Plaintiff's pending lawsuit was seen as a liability and that departments and the State did not like to hire individuals who have sued other departments.

26. Plaintiff lost his credentials that he received from BLET when his probationary employment with NCSP was rescinded.

3

# FIRST CLAIM FOR RELIEF
### Retaliation in Violation of
### Title VII of the Civil Rights Act of 1964, *as amended,*
### 42 U.S.C. § 2000e-3(s)

27. Plaintiff incorporates herein by reference all of the allegations in this Complaint as if fully set forth herein.

28. Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee "because [he] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

29. Plaintiff made formal complaints against his previous employer opposing their unlawful, discriminatory employment practices based on race and retaliation, which Defendants discovered after an offer of employment was extended to Plaintiff.

30. Defendant and its agents took materially adverse action against Plaintiff by rescinding the probationary employment because Plaintiff initiated a federal lawsuit against his former employer.

31. Defendant's adverse action constituted retaliation.

32. Defendant's retaliatory action was sufficient to deter a reasonable person from engaging in protected activity under Title VII.

33. Defendant's unlawful retaliation was intentional and malicious, making it necessary to award punitive or exemplary damages to punish them and deter other law enforcement agencies from like misconduct.

34. As a direct, legal, and proximate result of Defendant's retaliation, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

## SECOND CLAIM OF RELIEF
### Breach of Contract

35. Plaintiff incorporates herein by reference all the allegations contained in this Complaint as if fully set forth herein.

36. Plaintiff's employment relationship was a contractual relationship. In addition, the terms and conditions of Plaintiff's probationary employment were memorialized and secured for a term of two years, verbally, and one-year, in writing.

37. As a matter of law, a covenant of good faith and fair dealing is implied in the parties' contractual relationship.

38. As a matter of law, Defendant had to act in good faith and fair dealing in exercising all of its discretion as the employer in this contractual relationship.

39. Defendant, in bad faith, entered a relationship with Plaintiff under the auspice of an inclusive environment, but it knew at the time of contracting it would not treat persons who engaged in protected activity equal to those who had not. Defendant also knew that it would breach the terms of an employment agreement if Plaintiff complained of discrimination and retaliation, up to and including, filing a lawsuit.

40. Defendant's conduct was and is in material breach of its contractual commitments to Plaintiff. Defendant's conduct has directly and proximately caused Plaintiff to suffer actual and consequential damages, both economic and non-economic.

## THIRD CLAIM FOR RELIEF
### Unfair and Deceptive Trade Practices

41. Plaintiff incorporates herein by reference all the allegations contained in this Complaint as if fully set forth herein.

42. Plaintiff reasonably expected Defendant to honor the contractual obligation.

43. Not only did Defendant fail to honor the obligation, Defendant informed the Training and

5

Standards Commission that they were not going to honor their commitment to Plaintiff because he filed a lawsuit against VCSO.

44. The Training and Standards Commission is the exclusive agency authorized to certify a person as a sworn law enforcement officer in the State of North Carolina.

45. Based upon information and belief, Defendant gave the Training and Standards Commission the information that impacted Plaintiff's ability to continue his certification as a law enforcement officer.

46. Plaintiff was informed by Training and Standards Commission that they had received information from the Defendant that was interfering with his ability to keep his law enforcement certification.

47. Defendant's conduct was egregious and unscrupulous conduct that constituted an unfair or deceptive trade practice.

48. Defendant's conduct and practices occurred in commerce, were unfair and deceptive trade practices and entitle Plaintiff to treble their actual damages and recover attorney's fees pursuant to the provisions of N.C. Gen. Stat. § 75-1.1, et seq and § 75-16.1 et seq.

## **PRAYER FOR RELIEF:**

**WHEREFORE**, based upon the foregoing, Plaintiff prays for judgment against all Defendants and requests that the court award him with:

a) Damages associated with the claim of retaliation in violation of Federal Law;

b) Damages associated with the breach of contract and loss of employment opportunities in law enforcement;

c) Damages associated with unfair and deceptive trade practices;

d) Costs and reasonable attorneys' fees incurred with this lawsuit with interest thereon;

6

e) For a jury trial on all issues triable; and,

f) An award of all such other legal or equitable relief which the Court deems appropriate.

Respectfully submitted this 16th day of November, 2020.

**WOODEN BOWERS VINSON, PLLC**

/s/Walter L. Bowers, Jr.
WALTER L. BOWERS, JR.,
NC State Bar No. 47590
*Attorneys for Plaintiff*
8420 University Exec. Park Drive, Suite 810
Charlotte, North Carolina 28262
Telephone: 704-665-5838
Facsimile: 704-973-9380
wbowers@wbvlaw.com

7