# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

Civil Action No. 5:20-CV-612-D

| | |
|---|---|
| **Justin J. White,**<br><br>                  **Plaintiff,**<br><br>v.<br><br>**NC Special Police, LLC,**<br><br>                  **Defendant.** | **Memorandum of Law in Support of Defendant's Motion to Dismiss Amended Complaint** |

COMES NOW Defendant NC Special Police, LLC ("Defendant" or "NC Special Police"), by and through the undersigned counsel, and submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim on which relief can be granted.

## Procedural Posture

On November 17, 2020, Plaintiff filed suit in the present matter, alleging that Defendant engaged in unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, that Defendant was liable for breach of contract, and that Defendant engaged in Unfair and Deceptive Trade Practices. (Document No. 1.) On January 28, 2021, Defendant moved to dismiss Plaintiff's complaint in its entirety for failure to state a claim pursuant to Rule 12(b)(6). (Document No. 11.) Plaintiff filed an Amended Complaint on February 11, 2021, again alleging unlawful retaliation, breach of contract, and Unfair and Deceptive Trade Practices. (Document No. 13.) Because Plaintiff's Amended Complaint again fails to state a claim upon which relief

1

can be granted, Defendant again moves for dismissal pursuant to Rule 12(b)(6), and submits this Memorandum in Support of its Motion.

## Nature of the Case

In this action, Plaintiff Justin J. White ("Plaintiff" or "White") alleges Retaliation in Violation of Title VII of the Civil Rights Act of 1964, Breach of Contract, and a violation of North Carolina's Unfair and Deceptive Trade Practices Act arising from Defendant's withdrawal of a conditional offer of probationary employment allegedly extended to Plaintiff.

## Statement of Facts

The factual allegations in the Amended Complaint are taken as true for the purposes of this Motion only. Plaintiff alleges that he applied for employment with Defendant and, on or about August 21, 2019, received a "verbal 2-year conditional offer of probationary employment," and later a "1-year Offer of Employment." (Document No. 13 at ¶¶ 14-15.) "In connection with his offer of probationary employment, and in order to obtain certification as a sworn law enforcement officer of the State of North Carolina, Plaintiff was required to apply for and receive certification and commission from the North Carolina Criminal Justice Education and Training Standards Commission - Criminal Justice Standards Division ("Training and Standards Commission"). (Document No. 13 at ¶ 16.) Plaintiff was already "actively pursuing" this certification, and had been since his termination from his previous employment. (*Id*.)

As part of obtaining this necessary certification from the Training and Standards Commission, Plaintiff submitted to a background investigation as well as an "Appraisal or Interview." (Document No. 13 at ¶ 17.) Plaintiff alleges that the agent of Defendant's who performed his Appraisal or Interview "recommended Plaintiff for appointment and certification

2

by the Training & Standards Commission…" based on her evaluation of Plaintiff's "...professionalism, temperament, judgment, adaptability, education, and passion for law enforcement work." (Document No. 13 at ¶ 20.)

In early November of 2019, a representative of the Training and Standards Commission reached out to Defendant "requesting a notarized statement explaining a use of force incident that Plaintiff was involved in with his former employer" and requesting a written review from Defendant "about the...internal investigation resulting in Plaintiff's termination..." from his previous employer. (Document No. 13 at ¶ 21.) In early January of 2020, the same Training and Standards Commission representative informed Plaintiff that Defendant "wanted to review the internal investigation" into Plaintiff's use of force and termination from his previous employment. (Document No. 13 at ¶ 23.)

In early February of 2020, Plaintiff received an email from an individual the Complaint identifies only as "Monahan," and attached to this email was a letter "rescinding Plaintiff's probationary employment." (Document No. 13 at ¶ 24.) Plaintiff's Complaint does not indicate whether "Monahan" had any connection to the Training and Standards Commission, the Defendant, or any other relevant party (*See* Document No. 13 generally), nevertheless the gravamen of Plaintiff's Complaint rests on statements Plaintiff claims this "Monahan" made during an alleged February 26, 2020 phone call with the Plaintiff. (Document No. 13 at ¶ 25.) During this supposed phone call, Plaintiff claims the individual identified only as "Monahan" told him the Defendant rescinded its offer of probationary employment "because the Training and Standards Commission would not certify Plaintiff as a company police officer due to his pending lawsuit against [his former employer]." (Document No. 13 at ¶ 25.) Plaintiff further

3

alleges that "Monahan... stated that Plaintiff's pending lawsuit was a liability, and that they[1] did not like to hire individuals who had sued law enforcement agencies." (Document No. 13 at ⁋ 25.)

After the phone call with "Monahan," Plaintiff claims he "immediately contacted [the] North Carolina Criminal Justice Training and Standards [Commission] to ask if they had refused to certify him." (Document No. 13 at ⁋ 26.) Plaintiff alleges that on June 6, 2019, four months after this inquiry, the Training and Standards Commission sent him an email denying having determined Plaintiff ineligible for certification. (Document No. 13 at ⁋ 27.) Finally, Plaintiff's Complaint alleges Plaintiff "lost his credentials that he received from BLET" as a result of the rescission of probationary employment. (Document No. 13 at ⁋ 29.) This seems to be an attempt by Plaintiff to allege damages or harm caused, but the Amended Complaint provides no explanation or definition of the acronym "BLET," thus it is difficult to ascertain whether the loss of such credentials has any connection or significance in the context of Plaintiff's attempt to state a claim for relief.

## Legal Standard

**Motion to Dismiss**

To survive a motion to dismiss, a complaint must set forth factual allegations sufficient "to state a claim to relief that is plausible on its face." *Bing v. Brivo Systems, LLC*, 959 F. 3d 605, 608 (4th Cir. 2020) (*citations omitted*). When deciding a motion to dismiss pursuant to Rule

---

[1] Because Plaintiff's Amended Complaint does not include an antecedent to the pronoun "they" in Paragraph 25, it is not immediately apparent to whom "Monahan" was attempting to refer. Later, in Paragraph 28 of his Amended Complaint, Plaintiff claims Defendant made "statements...that they (sic) did not want to hire [Plaintiff] because of the pending lawsuit." (Document No. 13 at ⁋ 28.) Reading these two paragraphs together, it seems Plaintiff is attempting to indicate that "Monahan" was somehow speaking on behalf of Defendant or referring to Defendant when quoted in Paragraph 25.

12(b)(6), a court considers all well-pled factual allegations in the complaint as true, but disregards legal conclusions couched as factual allegations and conclusory allegations unsupported by reference to specific facts. *Miller v. Maryland Department of Natural Resources* (4th. Cir. 2020) (*citing United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979)).

## I. Retaliation in Violation of Title VII

A plaintiff alleging employment discrimination need not prove his prima facie case at the motion to dismiss stage. *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 515 (2002). Such a plaintiff must, however, set forth factual allegations sufficient not only to satisfy each element of the relevant cause of action (*McCleary-Evans v. Md. Dep't of Transp.,* 780 F.3d 582, 585 (4th Cir. 2015)) but also to raise his right to relief from merely conceivable to plausible. *Birmingham v. PNC Bank, N.A.,* 846 F.3d 88 (4th Cir. 2017), *cert. denied,* 2017 WL 2855127 (U.S. Nov. 27, 2017). To state a claim for retaliation in violation of Title VII, a plaintiff must allege facts sufficient to establish that he engaged in protected activity, subsequently suffered an adverse employment action, and that a plausible "causal link" exists between the protected activity and the adverse employment action. *Boyer-Liberto v. Fontainebleau Corp.,* 786 F. 3d 264, 281 (4th Cir. 2015). Such a causal connection cannot exist if the employer has no knowledge of the protected activity (*Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 656 (4th Cir. 1998)) and "[n]aked allegations of a causal connection between plaintiff's protected activity and the alleged retaliation do not state a plausible Title VII claim." *Huckelba v. Deering*, No. 5:16-CV-247-D, at *6 (E.D.N.C. Oct. 17, 2016) (*internal citation omitted*).

## II. Breach of Contract

To state a claim for breach of contract, a plaintiff must allege facts indicating the

5

existence of a valid, enforceable contract and a breach of that contract by the defendant. *Poor v. Hill*, 530 S.E.2d 838, 843 (N.C. Ct. App. 2000) (*citation omitted*). A valid contract requires offer and acceptance; the parties must mutually agree to the same material terms. *Southeast Caissons, LLC v. Choate Constr. Co.,* 247 N.C. App. 104, 110, 784 S.E.2d 650, 654 (2016). "There is no meeting of the minds, and, therefore, no contract, when ... something remains to be done" in order to finalize the contract. *Parker v. Glosson*, 182 N.C. App. 229, 232, 641 S.E.2d 735, 737 (2007) (*quoting Fed. Reserve Bank v. Neuse Mfg. Co., Inc*., 213 N.C. 489, 493, 196 S.E. 848, 850 (1938)). In other words, if the parties' agreement is subject to a condition precedent, then "no contract is formed until the condition is met." *Parker v. Glosson*, 182 N.C. App. 229, 232, 641 S.E.2d 735, 737 (2007).

### III. Unfair and Deceptive Trade Practices

To state a claim for Unfair and Deceptive Trade Practices ("UDTP"), a plaintiff must allege facts sufficient to meet three elements: (1) an unfair or deceptive act or practice; (2) in or affecting commerce; (3) that causes damage to the plaintiff. *RD & J Props. v. Lauralea-Dilton Enters*., 600 S.E.2d 492, 500 (N.C. Ct. App. 2004). "The determination of whether an act or practice…[violates the UDTPA] is a question of law for the court." *Gray v. N.C. Ins. Underwriting Ass'n*, 352 N.C. 61, 529 S.E.2d 676, 681 (2000).

Because other statutory schemes, including Title VII, govern the employer-employee relationship, the North Carolina Unfair and Deceptive Trade Practices Act does not typically apply in the employment context. *See*, e.g. see *Hajmm Co. v. House of Raeford Farms*, 328 N.C. 578, 593 (N.C. 1991) ("[T]he [UDTPA] does not cover employer-employee relations."); *Schlieper v. Johnson*, 195 N.C. App. 257, 267-68, 672 S.E.2d 548, 555 (2009); *Buie v. Daniel*

6

*Int'l Corp.*, 56 N.C. App. 445, 448, 289 S.E.2d 118, 119-20 (1982), *disc. rev, denied*, 305 N.C. 759, 292 S.E.2d 574 (1982). An employment dispute may be actionable under the UDTPA, however, if the plaintiff alleges a "tangible effect on the marketplace." *Esposito v. Talbert*, 641 S.E.2d 695, 698 (N.C. Ct. App. 2007). If the conduct complained of primarily affects the plaintiff, however, and "not commerce generally," then it falls outside the scope of the UDTPA. *Van Leuvan v. Cushman & Wakefield U.S., Inc.*, No. 5:18-CV-456-D, at *6-7 (E.D.N.C. Jan. 4, 2019).

### Argument

**I.     Plaintiff's Complaint fails to state a claim for retaliation in violation of Title VII.**

Because Plaintiff's Complaint fails to allege a plausible causal nexus between the alleged protected activity and the adverse employment action, Plaintiff's claim for retaliation in violation of Title VII should be dismissed. Accepting the factual allegations in Plaintiff's Complaint as true for purposes of this motion, Plaintiff has satisfied the first two elements of a claim for retaliation: Plaintiff's filing a previous complaint with the EEOC constitutes protected activity, and Defendant's alleged refusal to hire Plaintiff would constitute an adverse employment action. Where Plaintiff's Complaint falls short, however, is in alleging a plausible causal connection between his protected activity and the adverse employment action.

In his Complaint, Plaintiff alleges Defendant discovered and expressed concerns about Plaintiff's involvement in a "use of force incident" during his previous employment. (Document No. 13 at ¶¶ 21, 23). Plaintiff also seems to allege that an agent speaking on Defendant's behalf expressed dislike for hiring "...individuals who had sued law enforcement agencies" (Document No. 13 at ¶ 25) and purportedly told Plaintiff Defendant "did not want to hire him because of

7

[Plaintiff's] pending lawsuit." (Document No. 13 at ⁋ 28.) Even when taken as true, the foregoing allegations do not allow the court to infer Defendant engaged in unlawful retaliation because Plaintiff fails to allege Defendant's knowledge of protected activity.

"An employee cannot plausibly allege a but-for causal connection between protected activity and the employer's adverse action without alleging that the decisionmaker who took the adverse action knew that the employee had engaged in protected activity." *Brown v. Wake Cnty. Gov't*, No. 5:16-CV-806-D, at *8 (E.D.N.C. July 12, 2017) (*citations omitted*). Plaintiff's Complaint sets forth no factual allegations about Defendant's inquiring into, expressing concerns about, or gaining knowledge of any potential protected activity by Plaintiff.[2] Without such underlying factual support, Plaintiff's claim that "Defendant...terminated [Plaintiff's] employment because they (sic) became aware that he was participating in protected EEOC activity" amounts to nothing more than an unwarranted conclusion. (*See, e.g. ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 211 (4th Cir. 2019) (*quoting Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

Because Plaintiff's Complaint fails to allege a plausible causal nexus between the alleged protected activity and the adverse employment action, Plaintiff's claim for retaliation in violation of Title VII should be dismissed.

## II. Plaintiff's Complaint fails to state a claim for breach of contract.

Because Plaintiff's Complaint lacks factual allegations sufficient to allege the existence of a valid contract, his claim for breach of contract should be dismissed. Plaintiff does not

---

[2] At most, the facts Plaintiff alleges lead to the reasonable inference that Plaintiff was terminated from his previous employment after undergoing investigation related his use of force, and subsequently filed suit against the employer. A lawsuit against a previous employer is not necessarily protected activity within the meaning of Title VII.

allege facts indicating a meeting of the minds or acceptance, both of which are necessary to establish a valid contract.

To form a valid contract, the parties "must assent to the same thing in the same sense," meaning the material terms of the contract "must be sufficiently definite and certain." *Miller v. Rose*, 138 N.C.App. 582, 587-88, 532 S.E.2d 228, 232 (2000) (*citations omitted*). Plaintiff's Complaint fails to allege facts indicating such a meeting of the minds between Plaintiff and Defendant as to any material term of the purported contract, and even admits ambiguity related to whether the contract term was one year or two years. (Document No. 13, ¶¶ 14-15.) Without facts indicating a meeting of the minds as to a single material term of the purported contract, Plaintiff cannot claim a valid contract existed.

In addition to failing to allege a meeting of the minds, Plaintiff does not allege acceptance. Plaintiff claims Defendant extended him a "conditional offer of probationary employment" dependent on Plaintiff's receiving certification from the Training and Standards Commission, which Plaintiff was already in the process of pursuing. (Document No 13 at ¶¶ 14-17.) Plaintiff's Complaint does not allege he accepted this conditional offer[3], although acceptance of an offer subject to a condition precedent would not create a valid contract. Defendant had no obligation to hire Plaintiff unless and until Plaintiff obtained certification. Even if Plaintiff had accepted Defendant's conditional offer of probationary employment, no valid or binding contract could be formed between the parties because of the unmet condition precedent and lack of agreement as to material terms. (*See, e.g. Parker v. Glosson*, 182 N.C.App. 229, 641 S.E.2d 735, 737 (2007) ("Agreements containing an unmet condition

---

[3] Plaintiff's participation in the background check and certification process does not indicate acceptance of Defendant's alleged conditional offer because Plaintiff was already "actively pursuing" the certification prior to seeking employment with Defendant. (Document No. 13 at ¶ 16.)

9

precedent are...unenforceable.") Because Plaintiff fails to allege facts indicating the existence of a valid contract, his claim for breach of contract should be dismissed.

**III.     Plaintiff's Complaint fails to state a claim for unfair and deceptive trade practices**

Because no facts in Plaintiff's Complaint indicate Defendant's alleged wrongful conduct was in or affecting commerce, and because Plaintiff's Complaint lacks facts indicating the type of aggravating or egregious circumstances necessary to state a claim for Unfair and Deceptive Trade Practices, Plaintiff claim for Unfair and Deceptive Trade Practices should be dismissed.

Although Plaintiff and Defendant never entered into a formal employment relationship, the claims Plaintiff attempts to bring against Defendant are within the employment sphere, and not in commerce, and thus fall outside the ambit of North Carolina's Unfair and Deceptive Trade Practices Act. (*See, e.g. HAJMM Co. v. House of Raeford Farms, Inc.*, 403 S.E.2d 483, 492 (N.C. 1991) ("[T]he [UDTPA] does not cover employer-employee relations.")

Even outside the employment context, however, Defendant's alleged breach of contract would not rise to the level of an unfair or deceptive trade practice because Plaintiff fails to allege non-conclusory facts indicating the existence of the type of "substantial aggravating circumstances" necessary for a UDTP claim to survive a motion to dismiss. *Bartolomeo v. S.B. Thomas, Inc.*, 889 F.2d 530, 535 (4th Cir. 1989). Although Plaintiff claims "Defendant lied to Plaintiff" about why Defendant rescinded the alleged conditional offer of probationary employment, and although Plaintiff claims this lie "was a deceptive act and was egregious in nature" (Document No. 13 at ₱ 43), this alleged deception does not rise to the level of a UDTP claim for at least two reasons. First, as mentioned previously, this alleged deception took place in the employment context, and thus outside the context of the UDTPA. Second, Plaintiff claims

damages as a result of Defendant's alleged rescission itself; no facts in the Complaint indicate Plaintiff was deceived by or suffered harm because of the purported falsehood. Because Plaintiff fails to state a claim for Unfair and Deceptive Trade Practices, this cause of action should be dismissed.

## Conclusion

For the reasons stated herein, Defendant respectfully moves the Court to dismiss Plaintiff's Amended Complaint in its entirety for failure to state a claim on which relief can be granted.

Respectfully submitted,

This the 25th day of February, 2021.

Vennum PLLC

By: /s/ Elizabeth Vennum
N.C. State Bar No. 49747
Vennum PLLC
8510 McAlpine Park Drive, Suite 210
Tel. (980) 338-0111
Fax (980) 228-9728
*Counsel for Defendant*
Email: liz@vennumlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification to all other Parties as follows:

>Walter L. Bowers Jr.
>Wooden Bowers Vinson PLLC
>8420 University Executive Park Drive
>Suite 810
>Charlotte, NC 28262
>wbowers@wbvlaw.com
>*Counsel for Plaintiff*

This, the 25th day of February, 2021

>Vennum PLLC


>By: /s/ Elizabeth Vennum
>Elizabeth Vennum

12