# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

Civil Action No. 5:20-CV-612-D

| | |
|---|---|
| Justin J. White,<br><br>          Plaintiff,<br><br>v.<br><br>NC Special Police, LLC,<br><br>          Defendant. | **Defendant's Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss** |

COMES NOW Defendant NC Special Police, LLC ("Defendant" or "NC Special Police"), by and through the undersigned counsel, and pursuant to Local Civil Rule 7.1(f)(1), and replies to matters initially raised in Plaintiff's Response to Defendant's Motion to Dismiss for Failure to State a Claim.

Rather than responding to the legal arguments of Defendant's Motion to Dismiss, Plaintiff's Response puts forth unwarranted conclusions and improper extraneous facts. Plaintiff's Amended Complaint lacks sufficient factual allegations to state a plausible claim for any of its three causes of action, and therefore Defendant respectfully requests it be dismissed in its entirety.

### Plaintiff Fails to State a Claim for Retaliation in Violation of Title VII

In his Response to Defendant's Motion to Dismiss, Plaintiff argues against dismissal of his Retaliation claim, insisting that the Amended Complaint contains sufficient factual allegations to establish a plausible causal nexus between Plaintiff's protected activity and Defendant's alleged refusal to hire him. (*See* Document No. 20, pp. 2-3.) This argument fails,

1

however, because Plaintiff puts forth only unwarranted conclusions rather than the substantive factual allegations necessary to "nudge" this claim "across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff's Response incorrectly claims that factual allegations in Paragraph 28 of the Amended Complaint establish Defendant's knowledge of Plaintiff's protected activity (Document No. 20, pp. 2-3). Paragraph 28, which claims Defendant "became aware that [Plaintiff] was participating in protected EEOC activity," amounts to nothing more than a conclusory restatement of an element of Plaintiff's claim. *See, e.g. Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (respondent's allegation that petitioners "knew of, condoned, and willfully and maliciously agreed to subject [him]" to harsh conditions of confinement...solely on account of [his] religion, race, and/or national origin…" is a bare assertion and amounts to nothing more than a "formulaic recitation of the elements" of the respondent's claim, and such conclusory allegations are not entitled to be assumed true); *see also Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir.2003) (the words that make up the elements of a cause of action "are not talismanic, for they are but a legal conclusion; it is the alleged facts supporting those words, construed liberally, which are the proper focus at the motion to dismiss stage.")

Although Paragraph 28 of the Amended Complaint refers to "statements made by Defendant to Plaintiff that they did not want to hire him because of the pending lawsuit," (Document No. 20, pp. 2-3), nowhere in the Amended Complaint does Plaintiff actually allege Defendant made any statement about Plaintiff's pending lawsuit. Plaintiff does attribute such a statement to an individual identified in the Amended Complaint only as "Monahan" (Document

2

No. 13 at ¶ 25), but at no point does Plaintiff explain what, if any, connection he claims existed between Monahan and the Defendant, nor does Plaintiff allege that "Monahan" spoke on behalf of Defendant.

Plaintiff's Response claims that in his Amended Complaint, he "...plainly alleges that Defendant specifically told him he was aware of the lawsuit and the claims of the lawsuit which were based in violations of Title VII." (Document No. 20, p. 3.) As discussed above, the Amended Complaint never alleges Defendant made such a statement. Even assuming the Amended Complaint alleged a connection between Monahan and Defendant such that Monahan's statement could be attributed to Defendant, Monahan's statement refers only to a "pending lawsuit" against a law enforcement agency. (Document No. 13, ¶ 25.) The Amended Complaint contains no facts indicating Monahan or the Defendant knew anything about the substance of the lawsuit, much less that the "claims of the lawsuit...were based in violations of Title VII." (Document No. 20, p. 3.)

Finally, Plaintiff's attempt to imply a causal nexus between his protected activity and the adverse employment action based on temporal proximity fails because the Amended Complaint does not specify the date or time at which Defendant allegedly gained knowledge of Plaintiff's protected activity. It is impossible to determine the temporal proximity of two events when provided with the date of only one of those events.

## **Plaintiff Fails to State a Claim for Breach of Contract**

Plaintiff's Response to Defendant's Motion to Dismiss tries but fails to shore up Plaintiff's Breach of Contract claim with an inaccurate reference to the relevant legal standard and an inappropriate allegation that goes beyond the face of the Amended Complaint.

3

Case 5:20-cv-00612-D   Document 21   Filed 04/16/21   Page 3 of 7

In his Response to Defendant's Motion to Dismiss, Plaintiff argues that the validity and/or enforceability of the alleged conditional offer of probationary employment "is a factual dispute that cannot be resolved at this stage of the proceedings." (Document No. 20, pp. 4.) Plaintiff is mistaken. Although the Plaintiff is entitled to have questions of fact construed in his favor at the motion to dismiss stage, whether the Amended Complaint alleges facts sufficient to indicate the existence of a valid contract is an issue of law and not of fact. Because Plaintiff's Amended Complaint not only lacks factual allegations supporting the existence of a valid contract, but in fact puts forth facts inconsistent with the existence of a valid contract, specifically the unmet condition precedent of Plaintiff's obtaining certification (*See* Document No. 15, p. 9), Plaintiff's Breach of Contract claim cannot survive a motion to dismiss.

Plaintiff next attempts to salvage his Breach of Contract claim by presenting new facts not alleged in the Amended Complaint. (Document No. 20, p. 4.) For the first time in his Response to Defendant's Motion to Dismiss, Plaintiff invokes the "prevention doctrine" and claims that "but for the Defendant's action, the contract would not have been breached because Plaintiff would have been able to meet the condition…" (Document No. 20, p. 4.) Whether Plaintiff could have obtained certification, and thus satisfied the condition precedent, depended on the outcome of the background check and investigation, which had hit a snag when Defendant reviewed Plaintiff's prior use of force incident and the resulting internal investigation (Document No. 13, ¶¶ 16-21.) Defendant's concerns about this potentially troubling incident in Plaintiff's employment history create an "obvious alternative explanation" for Defendant's decision to rescind its conditional offer, a more plausible conclusion than the unlawful retaliation Plaintiff asks the Court to infer. (*See, e.g.* A*shcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173

4

L.Ed.2d 868 (2009) "as between [an] obvious alternative explanation" and "purposeful, invidious discrimination," "...discrimination is not a plausible conclusion.")

Finally, Plaintiff claims that he "provided emails to support" his contention that "but for the Defendant's decision to terminate him," he "would have been certified" by the Commission. (Document No. 20, pp. 4-5.) Neither the Complaint nor the Amended Complaint filed with this Court include any such emails attached as exhibits or explicitly incorporated by reference, meaning there is no way Plaintiff could have provided emails for consideration at the motion to dismiss stage.

### **Plaintiff Fails to State a Claim for Unfair and Deceptive Trade Practices**

Plaintiff's Response to Defendant's Motion to Dismiss acknowledges the requirement that a plaintiff allege "substantial aggravating factors" to escalate claims into violations of North Carolina's Unfair and Deceptive Trade Practices Act ("UDTP"). (Document No. 20, p. 5.) The "factors" Plaintiff's Response puts forward, however, are either newly-introduced factual allegations outside the Complaint, or mere labels and conclusions, neither of which can save Plaintiff's UDTP claim from dismissal.

The first such "aggravating factor" listed in Plaintiff's Response is that Defendant's alleged breach caused Plaintiff "...to lose his certification and become ineligible for employment with other law enforcement agencies because [his] training expired due to not being connected to a law enforcement agency." (Document No. 20, p. 5.) Even assuming this type of consequential damages could be considered an aggravating factor of the underlying breach of contract, this assertion cannot salvage Plaintiff's UDTP claim because it appears for the first time in Plaintiff's Response, and was not alleged anywhere in the Amended Complaint. The Amended Complaint

5

contains factual allegations regarding Plaintiff's efforts to obtain certification from the Training and Standards Commission, but does not allege Plaintiff actually obtained such certification, much less lost it[1], and does not allege any facts related to Plaintiff's future eligibility for employment in law enforcement. (Document No. 13.)

Setting aside the newly-asserted factual allegations not properly before the Court at this time, the only other potential aggravating factor Plaintiff's Response attempts to put forth is that "Defendant's actions were deceitful and intentional." (Document 20, p. 5.) Without factual support, however, this statement amounts to nothing more than "labels and conclusions" and cannot save Plaintiff's UDTP claim from dismissal.

## Conclusion

For the reasons stated in Defendant's Memorandum in Support of its Motion to Dismiss, as well as those set forth herein, Defendant respectfully moves the Court to dismiss Plaintiff's Amended Complaint in its entirety for failure to state a claim on which relief can be granted.

Respectfully submitted,

This the 16th day of April, 2021.

Vennum PLLC

By: /s/ Elizabeth Vennum
N.C. State Bar No. 49747
Vennum PLLC
8510 McAlpine Park Drive, Suite 210
Tel. (980) 338-0111
Fax (980) 228-9728
*Counsel for Defendant*
Email: liz@vennumlaw.com

---

[1] The Amended Complaint does mention that "Plaintiff lost his credentials that he received from BLET when his employment with NCSP was rescinded" (Document No. 13 at ¶ 29), but does not define or explain the acronym "BLET" and provides no facts indicating the loss of such credentials could impact Plaintiff's future employment prospects. (*Id*.)

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification to all other Parties as follows:

>Walter L. Bowers Jr.
>Wooden Bowers Vinson PLLC
>8420 University Executive Park Drive
>Suite 810
>Charlotte, NC 28262
>wbowers@wbvlaw.com
>*Counsel for Plaintiff*

This, the 16th day of April, 2021

>Vennum PLLC


>By:     /s/ Elizabeth Vennum
>            Elizabeth Vennum

7