## Settlement Agreement and Release of Claims

This **Settlement Agreement and Release** ("Agreement") is made and entered into on the date of its execution among Justin J. White ("White"), and N.C. Special Police ("N.C. Special Police") (collectively referred to hereinafter as the "Parties," and any of them may be referred to individually as a "Party"). It is understood and agreed that the purpose of this Agreement is to resolve and settle all potential claims and disputes between White and N.C. Special Police, including those included or contemplated in the pending lawsuit, *Justin J. White. v. N.C. Special Police*, in the District Court for the Eastern District of North Carolina, Case No. 5:20-CV-612-D (the "Lawsuit").

NOW, THEREFORE, in consideration of the mutual covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound, hereby agree as follows:

## I. Payments and Consideration

In consideration for the release of all White's claims, and other consideration as set forth in this Agreement, N.C. Special Police shall pay White the gross amount of Ten Thousand Dollars ($10,000.00) (the "Settlement") by check under IRS Form 1099 requirements according to the following agreed-upon payment plan, with payment in full to be completed on or before March 15, 2022.

| Payment Number | Payment Amount | Payment Date |
|---|---|---|
| 1 | $2,500.00 | 12/15/2021 |
| 2 | $2,500.00 | 01/15/2022 |
| 3 | $2,500.00 | 02/15/2022 |
| 4 | $2,500.00 | 03/15/2022 |

Each payment must be made out to Wooden Bowers' trust account and mailed to White's attorney located at 8420 University Executive Park Drive, Suite 810, Charlotte, North Carolina 28262 by U.S. Postal Service postmarked by the relevant Payment Date. If payment is not received within five (5) calendar days after the relevant payment date, then Defendant will be considered in default. White shall provide a notice of default to Defendant at the address below and send a copy to their attorney at the address below by certified mail. No other notice is required. Failure to cure such default within fourteen (14) days of counsel's receipt of such notice shall constitute a breach.

**N.C. Special Police**
811 Stamper Road
Fayetteville, NC 28303

**Liz Vennum**
HULL & CHANDLER, P.A.
1001 Morehead Square Dr., Suite 450
Charlotte, NC 28203
Tel: 704.375.8488
lvennum@lawyercarolina.com

## II.  **Mutual General Releases**

As consideration for payment of the Settlement identified in Paragraph 1 and other good and valuable consideration as set forth herein, White agrees to dismiss with prejudice its Lawsuit within seven (7) days of receiving the first Settlement payment, identified as Payment Number 1 above.  Immediately upon payment of the first Settlement Payment, Payment Number 1, White agrees to waive its right to pursue any and all claims against the Defendants relating to the facts, circumstances, or other matters which arose at any time prior to the execution of this Agreement. White also agrees to waive right to pursue future employment with N.C. Special Police.

The Parties understand the words "claims" and "counterclaims" to include, without limitation, any complaints, charges, disputes, rights, damages or liabilities of any kind that may have arisen during or relate to White's application for employment with N.C. Special Police, including any and all claims arising from White's charge of discrimination or any related claims that could be brought under any federal or state statute, regulation, executive order, public policy, or other law.

## III.  **No Interference with Rights**

Nothing in this Agreement is intended to waive claims that may arise after the Parties sign this Agreement or which cannot be released by private agreement.

## IV.  **No Admission**

The Parties' execution of this Agreement is not an admission of any liability, fault, or responsibility on the part of any released party. Any settlement made pursuant to this Agreement regarded by the Parties hereto as payment to avoid the expense, inconvenience, and uncertainty of litigation.

## V.  **Confidentiality and Non-Disparagement**

Subject to the rights implied in Paragraph 3, the Parties agree not to make any disparaging statements, oral or written, concerning the other party, the current or former officers of the other

party, or any services or products offered by the Parties, including, but not limited to, their current services or products or any services or products to be offered in the future.

## VI.    <u>Choice of Law</u>

This Agreement is governed by, and is to be construed in accordance with, the laws of the State of North Carolina, and the Parties irrevocably consent to venue in the state and federal courts located in Cumberland County or the Eastern District of North Carolina.

## VII.    <u>Opportunity to Consult Legal Counsel</u>

The Parties confirm that they have reviewed and considered this Agreement and consulted with their attorneys regarding the terms and effect thereof.

## VIII.    <u>Costs</u>

In entering into this Agreement, the Parties acknowledge that each side is to bear its own attorneys' fees and one-half share of the mediator's fee and any costs connected with and/or arising from the Lawsuit, and that no claim for such may be made at any subsequent time.

## IX.    <u>Waiver</u>

No waiver of any of the terms of this Agreement shall be valid unless in writing and signed by all Parties to this Agreement.

## X.    <u>Severability</u>

The Parties agree that should any part of this Agreement be found to be void or unenforceable by a court of competent jurisdiction, that determination will not affect the remainder of the Agreement.

## XI.    <u>Entire Agreement</u>

This Agreement sets forth the entire Agreement between the Parties with respect to all disputes, claims, or counterclaims that either White and/or N.C. Special Police has or could have against each other respectively, and fully supersedes any and all prior negotiations, agreements, or understanding, whether written or oral between the Parties pertaining to the subject matter of this Agreement.

DocuSign Envelope ID: F3780226-F340-4A5F-8021-4E3618AFA770

This agreement shall not be changed unless in writing and signed by both White and an authorized representative of N.C. Special Police.

**Signed:**

_____     _____
Justin J. White                                              Date

_____     _____
Jimmy Henley as authorized representative      Date     11/15/2021
of N.C. Special Police

This agreement shall not be changed unless in writing and signed by both White and an authorized representative of N.C. Special Police.

**Signed:**

_____          11/15/2021   10:43 a.m. _____
Justin J. White                                            Date

_____          _____
Jimmy Henley as authorized representative   Date
of N.C. Special Police