UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
NORTH CAROLINA
WESTERN DIVISION
CIVIL CASE NO.: 5:20-CV-612-D

| | |
|---|---|
| JUSTIN J. WHITE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NC SPECIAL POLICE, LLC,<br><br>　　　　　Defendant. | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO ENFORCE SETTLEMENT AGREEMENT**

**NOW COMES** Plaintiff, Justin Jamel White ("Mr. White"), by and through his undersigned counsel, and pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, as well as Local Civil Rule 7.1, respectfully moves this Court for an order enforcing the Settlement Agreement signed by the parties, as well as for other relief, as set forth herein. For the reasons set forth in greater detail in Plaintiff White's Memorandum of Law in Support of his Motion to Enforce Settlement Agreement, which is being filed contemporaneously herewith, Plaintiff respectfully requests that this Court grant his Motion and issue an Order.

**STATEMENT OF FACTS**

Plaintiff Justin J. White, initiated a Complaint for Damages in this Court for violations of Title VII of the Civil Rights Act of 1964, as amended, Breach of Contract, and Unfair and Deceptive Trade Practice, pursuant to North Carolina General Statutes. In October 2021 parties participated in court ordered mediation. After several hours of negotiations, all parties came to a

mutual agreement to resolve the matter for $10,000. The mediator reported to the court that the matter had been solved. Defense Counsel drafted a settlement agreement that was executed by all parties. Shortly thereafter, Plaintiff's attorney filed the executed settlement agreement with the court as evidenced in the court file as docket #33. The parties agreed that Defendant would distribute the first payment On December 15th in the amount of $2,500 and make payments monthly until the amount was paid in full.

On or about December 15, 2021, Defendant was to satisfy their first payment completed under the Settlement Agreement. On or about January 15, 2022, Defendant was to satisfy their second payment pursuant to the said agreement. On or about February 15, 2022, Defendant was to satisfy their third payment to the said agreement. On or about March 15, 2022, Defendant was to satisfy their fourth and final payment to the said agreement. To date, no payments have been made. Plaintiff's counsel contacted Defense Counsel who could only advise that she would follow up with her client. Defense counsel was placed on notice in the call as well as in a subsequent email regarding the status of this matter informing the Defendant that the Plaintiff would be filing a motion to enforce the settlement. Plaintiff has not heard from Defendant since.

## ARGUMENT

1. **The Court has jurisdiction over the settlement agreement.**

"District courts have inherent authority, deriving from their equity power, to enforce settlement agreements." *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540 (4th Cir. 2002). In order to exercise this authority, a court must find that the parties reached a complete agreement and must be able to determine the terms and conditions. "If there is a factual dispute over the existence of an agreement, over the authority of attorneys to enter into the agreement, or over the agreement's terms, the district court may not enforce a settlement agreement summarily" and

instead must conduct a plenary evidentiary hearing to resolve the dispute. Standard contract principles apply when a court considers whether to enforce a settlement. *Bradley v. Am. Household Inc.*, 378 F.3d 373, 380 (4th Cir. 2004).

In this case the underlying action has not been dismissed and therefore this court maintains jurisdiction over this action. In February 2022, a district court administrator contacted all parties requesting a status update. Counsel for the Plaintiff advised that the court that the dismissal would not be filed because Defendant failed to make the first payment. Plaintiff wanted to ensure there were no jurisdictional issues that would force the Plaintiff to resolve this as a contract dispute in State Court and therefore refused to dismiss the action. Furthermore, a hearing is not required to resolve this issue as there is no factual dispute as it relates to the existence of an executed settlement document. Accordingly, this court has authority to review the file and issue an order requiring enforcement of the settlement agreement.

2. **There is no factual issue in dispute as it relates to whether the parties entered into a valid settlement agreement.**
3.

Federal courts have the inherent power to summarily enforce settlement agreements made between the parties involved in litigation before them. *Young v. FDIC*, 103 F.3d 1180, 1194 (4th Cir. 1997).1 "In order to enforce any agreement, the Court must first determine whether or not an agreement exists." *NC Fox and Hound, Inc. v. Saul Subsidiary I Limited Partnership*, et al., 367

---

1 "Jurisdiction arises when the agreement is or was intended to be incorporated in a court order or if there is an independent basis for jurisdiction." *NC Fox and Hound, Inc. v. Saul Subsidiary I Limited Partnership, et al.*, 367 F. Supp. 2d 932, 936 (M.D.N.C. 2005). "If there are no material disagreements concerning the settlement agreement and 'the practical effect is merely to enter a judgment by consent,' no hearing on the matter is required." Id. (quoting, Columbus-America

Discovery Group v. Atlantic Mutual Insurance Co., 203 F.3d 291, 298 (4th Cir. 2000)). " In North Carolina, and generally, a contract requires assent, mutuality, and definite terms. *Schlieper v. Johnson*, 195 N.C. App. 257, 265 (2009). The offer must be communicated, must be complete, and must be accepted in its exact terms. Mutuality of agreement is indispensable; the parties must assent to the same thing in the same sense, idea re et sensu, and their minds must meet as to all the terms. *Dodds v. St. Louis Union Trust Co*., 205 N.C. 153, 170 S.E. 652, 653 (1933) (citations omitted).

In this case all parties agreed and executed the signed agreement as evidenced by the settlement agreement which is part of the court file listed as <u>docket number 33.</u> The terms of the agreement state that the Defendant would pay a total of $10,000 to settle this matter in increments of four monthly payment starting December 15, 2021. Specifically in its pertinent part it reads: *Each payment must be made out to Wooden Bowers' trust account and mailed to White's attorney located at 8420 University Executive Park Drive, Suite 810, Charlotte, North Carolina 28262 by U.S. Postal Service postmarked by the relevant Payment Date. If payment is not received within five (5) calendar days after the relevant payment date, then Defendant will be considered in default. White shall provide a notice of default to Defendant at the address below and send a copy to their attorney at the address below by certified mail. No other notice is required. Failure to cure such default within fourteen (14) days of counsel's receipt of such notice shall constitute a breach. Over one hundred twenty days have now elapsed, and no settlement funds have been distributed.* Defendant was notified of the breach in December 2021 as well as in February 2022 by way of email and phone conversations with Defendant's counsel. Defendant was not notified via certified mail because Defendant is still represented by counsel as the action has not yet been dismissed. Accordingly, the Defendant has breached the agreement.

## CONCLUSION

The Settlement Agreement entered at the conclusion of the Court-ordered mediation is a binding and enforceable agreement and, accordingly, Plaintiff's Motion should be granted. Plaintiff respectfully requests this Court grant Plaintiff's Motion and issue an Order:

1. Requiring Plaintiff to negotiate the settlement check;

2. Requiring Plaintiff to otherwise fulfill his obligations pursuant to the Settlement Agreement;

3. Granting Defendant such further relief the Court deems just and proper to include fees.

Dated: March 25, 2022                    Respectfully submitted,

**WOODEN BOWERS, PLLC**

**BY:** /s/ Walter L. Bowers, Jr.
Walter L. Bowers, Jr.
NC State Bar No. 47590
*Counsel for Plaintiff*
WOODEN BOWERS VINSON, PLLC
8420 University Exec. Park Drive
Suite 810
Charlotte, North Carolina 28262
Telephone: 704-665-5838
Facsimile: 704-973-9380
Wbowers@wbvlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I served a true and correct copy of Plaintiff's Memorandum of Law in Support of his Motion to Enforce Settlement Agreement by e-mail and was electronically filed with the Clerk of the Court, using Court's CM/ECF electronic service system, which will send notification of such filing to the following attorney of record:

>Elizabeth Vennum
>N.C. State Bar No. 49747
>*Counsel for Defendant*
>Vennum PLLC
>8510 McAlpine Park Drive
>Suite 210
>Charlotte, NC 28211
>Phone: 980-338-0111
>Liz@vennumlaw.com

Respectfully submitted this day the 24th of March 2022.

**WOODEN BOWERS VINSON, PLLC**

**BY:** /s/Walter L. Bowers, Jr.
WALTER L. BOWERS, JR.,

NC State Bar No. 47590
*Attorney for Plaintiff*
8420 University Exec. Park Drive,
Suite 810
Charlotte, North Carolina 28262
Telephone: 704-665-5838
Facsimile: 704-973-9380
Wbowers@wbvlaw.com